*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRYSTOPHER FORTENBERRY,

        Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE COMPANY,

        Defendant-Appellee,

and

DEREK BRYANT II and PV HOLDING CORPORATION,

        Defendants.

UNPUBLISHED
April 22, 2025
11:54 AM

No. 366644
Wayne Circuit Court
LC No. 20-014112-NI

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

    In this no-fault action, plaintiff appeals by leave granted[1] the trial court's order granting defendant, Progressive Michigan Insurance Company's ("Progressive"), motion for partial summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact).[2] We reverse and remand for further proceedings.

---

[1] *Fortenberry v Progressive Mich Ins Co*, unpublished order of the Court of Appeals, entered December 19, 2023 (Docket No. 366644).

[2] Plaintiff actually appeals from a final stipulated order dismissing defendant Derek Bryant II ("Bryant") with prejudice, entered after the trial court granted partial summary disposition to Progressive. However, this order is irrelevant to plaintiff's appellate argument.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a motor vehicle accident in which Bryant ran a red light and hit plaintiff's vehicle. Plaintiff went to the emergency room a few hours after the accident, where he was diagnosed with injuries to his neck, spine, and shoulder. Plaintiff underwent numerous medical imaging procedures indicating various injuries and engaged in physical therapy after the accident.

Plaintiff filed suit against Progressive, Bryant, and PV Holding Corporation.[3] Plaintiff asserted claims for uninsured (UM) and underinsured (UIM) motorist benefits and breach of contract against Progressive. Progressive moved for partial summary disposition of plaintiff's UM and UIM claim under MCR 2.116(C)(10), arguing that plaintiff failed to meet the threshold requirements of MCL 500.3135 because he did not present sufficient evidence of an objectively manifested impairment that impacted his daily life.

The trial court granted Progressive's motion for partial summary disposition, concluding plaintiff failed to demonstrate that he suffered an objectively manifested impairment of an important body function because his medical records failed to substantiate his subjective complaints of pain. The trial court later entered the stipulated order dismissing the underlying matter against Bryant with prejudice. This appeal followed.

## II. STANDARD OF REVIEW

We review the grant or denial of summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). When considering a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. The trial court must only grant summary disposition under MCR 2.116(C)(10) "when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. OBJECTIVELY MANIFESTED IMPAIRMENT

Plaintiff argues that the trial court erred by granting Progressive's motion for partial summary disposition because he established that a genuine issue of material fact existed as to whether he suffered an objectively manifested impairment. We agree.

Michigan's no-fault act, MCL 500.3101 *et seq*., limits tort liability for noneconomic losses arising out of the ownership, maintenance, or use of a motor vehicle to instances when an injured person suffers a serious impairment of body function. MCL 500.3135(1); see also *McCormick v*

---

[3] PV Holding owned the vehicle Bryant was driving. Neither PV Holding nor Bryant are relevant to this appeal, and their roles and plaintiff's respective claims against them will not be discussed.

*Carrier*, 487 Mich 180, 189-190; 795 NW2d 517 (2010). Under MCL 500.3135(5), a "serious impairment of body function" is an impairment that satisfies three requirements:

> (a) It is objectively manifested, meaning it is observable or perceivable from actual symptoms or conditions by someone other than the injured person.
>
> (b) It is an impairment of an important body function, which is a body function of great value, significance, or consequence to the injured person.
>
> (c) It affects the injured person's general ability to lead his or her normal life, meaning it has had an influence on some of the person's capacity to live in his or her normal manner of living. Although temporal considerations may be relevant, there is no temporal requirement for how long an impairment must last. This examination is inherently fact and circumstance specific to each injured person, must be conducted on a case-by-case basis, and requires comparison of the injured person's life before and after the incident.

An objectively manifested impairment is one "that is evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *McCormick*, 487 Mich at 196. "In other words, an 'objectively manifested' impairment is commonly understood as one observable or perceivable from actual symptoms or conditions." *Id*. An impairment is distinct from an injury. *Id*. at 197. An injury is the actual damage a plaintiff suffered, whereas an impairment is how an injury affects the plaintiff's particular body function. *Id*. What is important is "whether the *impairment* is objectively manifested, not the *injury* or its symptoms." *Patrick v Turkelson*, 322 Mich App 595, 606; 913 NW2d 369 (2018), quoting *McCormick*, 487 Mich at 197. "Although mere subjective complaints of pain and suffering are insufficient to show impairment, evidence of a physical basis for that pain and suffering may be introduced to show that the impairment is objectively manifested." *Patrick*, 322 Mich App at 607. "Medical testimony is generally, but not always, required to make this showing." *Id*.

Plaintiff provided medical records documenting his injuries and impairments. Plaintiff's emergency room records indicate that he was diagnosed with neck pain, a left paraspinal cervical strain, and a left shoulder contusion. Physical examinations revealed mild tenderness in plaintiff's left cervical spine muscles and left shoulder. A chiropractic evaluation indicated plaintiff suffered from reduced cervical lordosis, decreased disc space at the C2-C3, C4-C5, and C5-C6 vertebrae, reduced lumbar lordosis, and partial misalignment of multiple vertebrae in his lumbar spine. Radiological records indicated plaintiff had a limited range of motion on his left side, tenderness in his left shoulder, painful stiffness when extending and rotating his lumbar spine, and tenderness in his lumbar and paraspinal muscles. Postaccident magnetic resonance imaging (MRI) of plaintiff's cervical spine showed injuries to his C4-C5 vertebrae. Finally, plaintiff had three steroid epidural injections for his back and knee pain.

Considering this evidence in the light most favorable to plaintiff, *El-Khalil*, 504 Mich at 160, there is a question of fact as to whether plaintiff suffered an objectively manifested impairment. Although plaintiff's medical records also revealed normal findings, this evidence does not negate the observations that plaintiff's injuries affected the function of his neck, shoulder,

and spine. Because plaintiff's injuries were "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function[,]" *McCormick*, 487 Mich at 196, the trial court erred by finding that plaintiff failed to establish the existence of an objectively manifested impairment.

## IV. CAUSATION

Plaintiff also asserts that there is a question of fact as to whether the accident caused him to suffer an objectively manifested impairment. We agree.[4]

To establish the right to UM or UIM benefits, "an injured person must—as provided in the insurance agreement—be able to prove fault: he or she must be able to establish that the uninsured motorist caused his or her injuries and would be liable in tort for the resulting damages." *Adam v Bell*, 311 Mich App 528, 535; 879 NW2d 879 (2015). A causation theory "must be based on facts in evidence." *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). This can include "either direct evidence or indirect and circumstantial evidence." *Shaw v Ecorse*, 283 Mich App 1, 14; 770 NW2d 31 (2009). Causation may not be established by "mere speculation," but "a plaintiff's evidence of causation is sufficient at the summary disposition stage to create a question of fact for the jury if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *Patrick*, 322 Mich App at 617 (quotation marks and citation omitted). "Causation is an issue that is typically reserved for the trier of fact unless there is no dispute of material fact." *Id*. at 616.

On appeal, defendant claims that plaintiff "produced no evidence that any physical injury *caused by this motor vehicle accident* has led to any ongoing impairment." (Emphasis added.) The record belies this contention. Plaintiff visited the emergency department shortly after the accident, complaining of injuries to his knees, left shoulder, neck, and lower back—all areas plaintiff denied having issues with before the accident, considering that he was a generally healthy 34-year-old man. The emergency department records cited a motor-vehicle accident as the cause of plaintiff's injuries. When plaintiff subsequently sought treatment from another provider, his case was classified as arising from a motor-vehicle accident. Moreover, a radiologist's "Patient Limitations Certificate" detailing plaintiff's restrictions arising from his injuries expressly stated, "I have examined and/or treated the above[-]named patient for injuries sustained in an accident. As a result of the injuries in the accident, I have disabled, limited, and or restricted the patient from those activities that are marked with an 'X' in addition to the dates related." There was also no evidence that plaintiff had any history of degenerative conditions to warrant such ailments. Thus, while plaintiff never submitted medical testimony—such as a physician's affidavit—explicitly connecting his alleged injuries and impairments to the underlying accident, his medical records establish "a logical sequence of cause and effect" sufficient to create a question of fact on the issue of causation. *Patrick*, 322 Mich App at 617.

---

[4] The trial court granted partial summary disposition to defendant solely on the basis of the objectively-manifested-impairment prong and the issue of causation. As such, we need not address plaintiff's arguments as to the other *McCormick* prongs.

We reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young